## Gilmore Appeal

*W. F. Moyar*, for appellant.

*Milton W. Rosen*, for Commonwealth.

McCracken, P. J., September 15, 1950.—David W. Gilmore, hereinafter called appellant, held a license issued by the Commonwealth of Pennsylvania permitting him to inspect motor vehicles in order to determine whether or not they were equipped as required by the provisions of The Vehicle Code and, if so equipped, whether or not said equipment was in good repair.

In connection with his garage he operated trucks in Pittsburgh, Pa. A member of the police department of Pittsburgh noticed that the trucks did not carry the

required tickets showing their inspection and certifying that they were equipped as provided by the regulations promulgated by the Secretary of Revenue.

Appellant was notified of this condition. He sent an employe to Pittsburgh for the purpose of having the proper stickers placed on the windshield of the trucks, which was done. However, the testimony discloses that appellant's trucks were in need of extensive repairs and adjustments which were not made at the time of placing the stickers on the trucks, and neither were these repairs made later.

For these infractions of The Vehicle Code and of the regulations of the Department of Revenue the Secretary of Revenue suspended appellant's license to inspect motor vehicles. From this action appellant took the present appeal.

While not denying the testimony produced in behalf of the Secretary of Revenue appellant seeks to sustain his appeal by the provision of the Act of June 27, 1939, P. L. 1135, sec. 15, reading as follows:

"Provided, however, that if the servant or employe of any such inspection station shall, without the authorization, knowledge, or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment."

As already stated, appellant's employe placed the stickers on the trucks by express direction of appellant. In so doing it was the duty of the employe to make or cause to be made all the needed repairs and adjustments. The action of the Secretary of Revenue was fully justified.

Now, September 15, 1950, the appeal in this case is dismissed at the cost of appellant.